Charles L. STRINGER, Plaintiff–
Appellant,

v.

Mark DANIELS; Ron Tillman; Oran
Page; Barbara Dunn; City of Jack-
son, Mississippi; Police Department
of the City of Jackson, Mississippi,
Defendants–Appellees.

No. 05–60421.

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided May 26, 2006.

Charles L. Stringer, Jackson, MS, pro
se.

Pieter Teeuwissen, Ronald Dewayne
Bailey, City Attorney's Office for the City
of Jackson, Jackson, MS, James Lawson
Hester, Craig, Hester, Luke & Dodson,
Ridgeland, MS, for Defendants–Appellees.

Before HIGGINBOTHAM,
BENAVIDES, and DENNIS, Circuit
Judges.

PER CURIAM: *

Charles L. Stringer appeals the district
court's dismissal of his lawsuit raising
claims under 28 U.S.C. § 1343 and 42
U.S.C. § 1983. He moves that this court
strike the appellees' briefs because they
were not filed within 30 days of the date
he served his brief. This motion is DE-
NIED.

Stringer asserts that the district court
erred in denying his motion for recusal
because the district court judge was relat-
ed to a Hinds County Supervisor and be-
cause of business and work relationships
between the judge and two defense attor-
neys. He has not established that the
district court abused its discretion in deny-
ing his motion. *See Trevino v. Johnson,*
168 F.3d 173, 178 (5th Cir.1999); *United
States v. MMR Corp.,* 954 F.2d 1040,
1045–46 (5th Cir.1992).

Stringer contends that the district court
erred in dismissing his claims against the
defendants on the grounds of res judicata.
We review this claim de novo. *See
Schmueser v. Burkburnett Bank,* 937 F.2d
1025, 1031 (5th Cir.1991). Stringer has
not established that the district court
erred in dismissing the complaint on res
judicata grounds, in light of his 1999 com-
plaint raising claims under 42 U.S.C.
§ 1985 arising out of the same set of oper-
ative facts. *See Vines v. Univ. of Louisi-
ana at Monroe,* 398 F.3d 700, 709 (5th
Cir.2005), *cert. denied,* — U.S. ——, 126
S.Ct. 1019, 163 L.Ed.2d 852 (2006).

Stringer also asserts that the 1999 law-
suit should not have been dismissed with
prejudice because he was proceeding pro
se. Stringer should have raised this claim
in an appeal of the adverse ruling in that
case; he may not do so in the instant
proceeding. The judgment of the district
court is thus AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.